DEALY & SILBERSTEIN, LLP
William J. Dealy (WD 9776)
Milo Silberstein (MS 4736)
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
*Attorneys for Plaintiffs the Trustees of
the United Teamster Fund*

08 CV 01078

RECEIVED
FEB 01 2008
U.S.D.C. S.D.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE TRUSTEES OF THE UNITED TEAMSTER
FUND,

                       Plaintiffs,

      - against -

CHLOE FOODS CORP. and ANDREW THEMIS,

                       Defendants.
-----------------------------------------------------------------X

Case No.

**COMPLAINT**
ECF ACTION

**Jury Trial Demanded**

      Plaintiffs the TRUSTEES OF THE UNITED TEAMSTER FUND (the "Fund") by their attorneys, Dealy & Silberstein, LLP, complaining of the Defendants CHLOE FOODS CORP. ("Chloe Foods") and ANDREW THEMIS ("Themis"), hereby allege as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1.      This is a civil action brought against the Defendants under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), 1145; and the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), by employee welfare and pension benefit Fund.

2.      This action seeks (1) to recover, <u>inter alia</u>, delinquent health and welfare contributions which

1

are owed to the Fund by Defendant Chloe Foods for the period of September 2007 through January 2008; (2) to recover delinquent contributions owed to the Fund resulting from breach of fiduciary duty by Defendant Themis; and (3) to permit the Fund to conduct an audit of Defendant Chloe Foods' books and records.

3. Jurisdiction of this Court is invoked under the following statutes:

    a) ERISA, in sections codified as 29 U.S.C. §§ 1104(a)(1), 1109(a), 1132(e)(1), 1132(f) and 1145;

    b) LMRA, in section codified as 29 U.S.C. § 185(a);

    c) 28 U.S.C. § 1331 (federal question);

    d) 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

    e) 28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

4. Venue properly lies in this district pursuant to section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on Defendants in any other district in which they may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)).

## THE PARTIES

5. At all relevant times, Plaintiffs, the Trustees of the United Teamster Fund, have administered the United Teamster Fund (the "Fund").

6. The Fund was established pursuant to collective bargaining agreements in 1949 by Declarations of Trust, which have been amended from time to time (the "Trust Agreements").

7. The Fund was formerly known as the Union Welfare Fund - Local 202. The name change was effectuated in 2000 by an amendment to the Trust Agreements.

8. The Fund is an "employee benefit plan" established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), within the meanings of Sections 3(1), 3(2), and 3(3), and 502(d)(1) of the ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1) and is a multi-employer plan within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

9. The principal place where the Fund is administered is 2137-2147 Utica Avenue, Brooklyn, New York, 11234.

10. The purpose of the Fund is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Fund, pursuant to collective bargaining agreements between employers in the food and produce industry and Local 202, International Brotherhood of Teamsters, AFL-CIO, (the "Union"). The Fund receives contributions from, inter alia, employers who are parties to collective bargaining agreements with the Union, invests and maintains those monies, and distributes health and welfare benefits to employees and to beneficiaries eligible to receive them pursuant to the Fund's plans.

11. The Union is a local labor organization composed of approximately 3,000 members representing, inter alia, employees of employers who are purveyors, deliverers, receivers and/or distributors or transporters of perishable food products and/or other commodities in and around the Greater New York City area.

12. Upon information and belief, Defendant Chloe Foods was at all relevant times a corporation duly organized under the laws of the State of New York, with its principal place of business

located at 3301 Atlantic Avenue, Brooklyn, New York 11208.

13. Upon information and belief, Defendant Themis was at all relevant times the Chief Executive Officer of Defendant Chloe Foods with a last known address of 3301 Atlantic Avenue, Brooklyn, New York 11208.

## FACTS

14. At all relevant times, Defendant Chloe Foods has been a party to a collective bargaining agreement with the Union (the "CBA") which covers inter alia, the wages, terms and conditions of employment for its employees who are working in covered employment.

15. Pursuant to the CBA, the Trust Agreements and ERISA, at all relevant times Defendant Chloe Foods was obligated to remit monthly health and welfare contributions and reports to the Fund on behalf of all of its employees working in covered employment.

16. Pursuant to the CBA, at all relevant times, Defendant Chloe Foods was similarly obligated to submit monthly contribution reports to the Fund describing the hours and days worked by each of its employees working in covered employment.

17. Defendant Chloe Foods remitted check number 19807 in the amount of $34,825.00 on November 8, 2007 for contributions owed to the Fund on behalf of its employees working in covered employment for the months of September 2007 and October 2007, along with monthly contribution reports to the Fund for September 2007 and October 2007. However, check number 19807 was ultimately returned for insufficient funds.

18. Defendant Chloe Foods has wilfully failed to remit the required health and welfare contributions and reports to the Fund on behalf of any of its employees working in covered employment for the period of September 2007 through January 2008 in an amount to be

4

determined at trial, but believed to exceed eighty-seven thousand seven hundred ($87,700.00) dollars.

19. By wilfully failing to remit the health and welfare contributions and reports to the Fund, Defendant Chloe Foods has violated the terms of the CBA, the Trust Agreements and ERISA.

20. Although demand has been made by the Fund for the past due contributions, Defendant Chloe Foods has continued to fail to remit the same to the Fund.

21. Upon information and belief, as a principal and corporate officer of Defendant Chloe Foods, Defendant Themis was at all relevant times vested with the authority and control over the submission of the required monthly payments and reports on behalf of Defendant Chloe Foods to the Fund.

22. Upon information and belief, Defendant Themis has wilfully refused to submit the required monthly contributions and reports to the Fund, as required by the CBA and the Trust Agreements.

## AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CHLOE FOODS - VIOLATIONS OF CBA, TRUST AGREEMENTS, AND PROVISIONS OF ERISA

23. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

24. Defendant Chloe Foods has wilfully failed to remit the required health and welfare contributions to the Fund on behalf of any of its employees working in covered employment for the period of September 2007 through January 2008 in an amount to be determined at trial, but believed to exceed eighty-seven thousand seven hundred ($87,700.00) dollars.

25. For the period of November 2007 through January 2008, Defendant Chloe Foods has similarly failed to submit the required reports to the Fund detailing its employees who have worked for Defendant Chloe Foods in the categories set forth in the CBA and/or all of the hours worked by these employees.

26. Said failure and refusal by Defendant Chloe Foods to report and make contributions for those employees constitutes a violation of Defendant Chloe Foods's obligations pursuant to the CBA and the Trust Agreements, and is a violation of the provisions of ERISA and the LMRA. Plaintiffs seek enforcement of those provisions pursuant to Sections 502(a)(3)(b)(ii) and 515 of ERISA, 29 U.S.C. § 1132(a)(3)(b)(ii) and 29 U.S.C. § 1145, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

27. Although payment has been duly demanded, Defendant Chloe Foods has failed and refused to pay contributions to the Fund as they become due, and it is anticipated that the delinquency will grow during the pendency of this action due to Chloe Foods' failure to timely remit contributions to the Fund as they become due.

28. As a result of Defendant Chloe Foods's violations of the CBA, the Trust Agreements and ERISA, the Fund may be required to deny benefits provided under the Fund's benefit plan to employees of Defendant Chloe Foods working in covered employment for whom contributions have not been made, thereby causing said employee beneficiaries substantial and irreparable damage, which could create significant litigation by these unreported employees of Defendant Chloe Foods, who may claim the rights to receive medical coverage from the Fund.

29. Furthermore, the Fund may be required to provide said employee beneficiaries with benefits,

notwithstanding Defendant Chloe Foods' failure to make its required contributions, thereby reducing the corpus of the Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are properly being made, all to their substantial and irreparable injury.

30. Defendant Chloe Foods owes the Fund an amount to be determined at trial, but believed to exceed eighty-seven thousand seven hundred ($87,700.00) dollars in unpaid contributions to the Fund for the period of September 2007 through January 2008.

31. The Trust Agreements, referred to above, provide for the assessment of liquidated damages at a rate to be set by the Plaintiffs, as well as the expenses incurred in collecting such delinquent contributions, including attorneys' fees.

32. Accordingly, Defendant Chloe Foods is liable to Plaintiffs for delinquent contributions for the period of September 2007 through January 2008 in an amount to be determined at trial, but believed to exceed eighty-seven thousand seven hundred ($87,700.00) dollars; liquidated damages at the rate of interest on the unpaid contributions, or twenty percent (20%) of all of the unpaid contributions, whichever is greater; reasonable attorneys' fees and the costs of this action.

### AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT THEMIS - BREACH OF FIDUCIARY DUTY UNDER ERISA

33. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

34. The terms and conditions of employment contained in the CBA obligate Defendant Chloe Foods to make monthly health and welfare contributions and reports to the Fund on behalf

of each covered employee.

35. Upon information and belief, as a corporate principal of Defendant Chloe Foods, Defendant Themis is vested with the authority and control over the submission of Defendant Chloe Foods' required monthly payments and reports to the Fund, and thus has the responsibility of making the required payments on behalf of Defendant Chloe Foods to the Fund.

36. Accordingly, Defendant Themis has held these Fund as a fiduciary pursuant to 29 U.S.C. § 1104(a)(1) and was required to discharge his duties solely in the interest of Defendant Chloe Foods' covered employees and their beneficiaries.

37. Upon information and belief, Defendant Themis devised a scheme and participated in a conspiracy to evade making contributions to the Fund and to convert the monies due to the Fund pursuant to the CBA for the use of Defendant Chloe Foods and/or for his own use.

38. Upon information and belief, once Defendant Themis knowingly and purposefully failed to properly report the employees in covered employment, and failed to make the required contributions to the Fund on their behalf, he exercised authority and control over the Fund's assets.

39. Upon information and belief, such conversion constitutes a breach of the fiduciary duties possessed by Defendant Themis pursuant to 29 U.S.C. § 1104(a)(1).

40. Upon information and belief, pursuant to 29 U.S.C. § 1109(a), Defendant Themis, as a fiduciary with respect to the Fund, is personally liable for restoring those profits and assets which have been lost as a result of the breach of his fiduciary duty.

41. By reason of the foregoing, Plaintiffs have been damaged by Defendant Themis, and Defendant Themis is liable to the Fund for delinquent contributions for the period of

September 2007 through January 2008 in an amount to be determined at trial, but believed to exceed eighty-seven thousand seven hundred ($87,700.00) dollars; statutory interest on the unpaid contributions; liquidated damages at the rate of interest on the unpaid contributions, or twenty percent (20%) of all of the unpaid contributions; reasonable attorneys' fees and the costs of this action.

### AND AS FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CHLOE FOODS - REQUIRING DEFENDANT CHLOE FOODS TO PERMIT AN AUDIT OF ITS BOOKS AND RECORDS PURSUANT TO THE CBA, THE TRUST AGREEMENTS AND PROVISIONS OF ERISA

43. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44. The Fund is entitled to conduct an audit of the books and records of Defendant Chloe Foods, including but not limited to its employee time cards, in addition to all payroll sheets, daily time records, job location records, cash disbursement journals, New York State tax forms WRS-2, WT4A and 4B (NY), WR #30 (NY), Federal tax forms W2, W3, 940, 941, 1099, 1096, 1120s/1120 and 1040 Schedule C, New York State Employment Reports, Insurance Company Reports and supporting checks, general ledgers, ledgers, vouchers, verification of work outside of the geographical jurisdiction of the Union, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture or other related company of Defendant Chloe Foods doing bargaining unit work, for the purpose of verifying the accuracy of the employer contributions previously filed by Defendant Chloe Foods.

45. Defendant Chloe Foods' prior conduct, as outlined herein, demonstrates a significant likelihood that it will continue to breach the terms and conditions of the CBA, the Trust Agreements, ERISA, and the LMRA.

46. Plaintiffs have no adequate remedy at law to insure that Defendant Chloe Foods will adhere to the terms and conditions of the CBA and the Trust Agreements.

47. Accordingly, Plaintiffs respectfully request that this Court order Defendant Chloe Foods to permit and cooperate in the conduct of an audit by the Fund, by providing or allowing inspection of all of its books and records, including, but not limited to, its employee time cards.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request Judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION**, that the Court:

(a) Award judgment in favor of Plaintiffs and against Defendant Chloe Foods for contributions owed for the period of September 2007 through January 2008 in an amount to be determined at trial, but believed to exceed eighty-seven thousand seven hundred ($87,700.00) dollars;

(b) Award statutory interest on the unpaid contributions;

(c) Award liquidated damages at the rate of interest on the unpaid contributions, or 20% of all of the unpaid contributions, whichever is greater; and

(d) Award Plaintiffs reasonable attorneys' fees, accounting fees, and the cost of this action.

**ON THE SECOND CAUSE OF ACTION**, that the Court:

(a) Award judgment in favor of Plaintiffs and against Defendant Themis in an amount to be determined at trial, but believed to exceed eighty-seven thousand seven hundred ($87,700.00) dollars;

(b) Award statutory interest on the unpaid contributions;

(c) Award liquidated damages at the rate of interest on the unpaid contributions, or 20% of all of the unpaid contributions, whichever is greater; and

(d) Award Plaintiffs interest, reasonable attorneys' fees, and the costs of this action.

**ON THE THIRD CAUSE OF ACTION**, that the Court:

(a) Order Defendant Chloe Foods to permit the Fund to conduct an audit of its books and records, including but not limited to employee time cards, and make its books and records available for audit by the Fund's auditors; and

(b) Award Plaintiffs the costs of the audit, reasonable attorneys' fees, and the costs of the action.

Dated: New York, New York
January 31, 2008

                              Yours, etc.,

                              DEALY & SILBERSTEIN, LLP

                              By: _____
                                  Milo Silberstein (MS 4637)
                              *Attorneys for Plaintiffs the Trustees of the*
                              *United Teamster Fund*
                              225 Broadway, Suite 1405
                              New York, New York 10007
                              (212) 385-0066

To:    Chloe Foods Corp.
        3301 Atlantic Avenue
        Brooklyn, New York 11208

        Mr. Richard Themis
        CEO, Chloe Foods Corp.
        3301 Atlantic Avenue
        Brooklyn, New York 11208

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action.

Dated: New York, New York
      January 31, 2008

                                      DEALY & SILBERSTEIN, LLP

                                      By: _____
                                             Milo Silberstein (MS 4637)
                                      *Attorneys for Plaintiffs the Trustees of the*
                                      *United Teamster Fund*
                                      225 Broadway, Suite 1405
                                      New York, New York 10007
                                      (212) 385-0066